IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED COMMUNITIES, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>HALLOWELL INTERNATIONAL, LLC,<br>et al.,<br><br>        Defendants. | Civil No. 11-2689-JHR-KMW |

**ORDER**

THIS MATTER comes before the Court by way of motion of Plaintiff United Communities, LLC seeking final judgment by default against Defendant Hallowell International, LLC pursuant to Fed. R. Civ. P. 55(b)(2). No opposition to the motion has been filed. The Court has considered the submissions of the parties pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, and for good cause shown, Plaintiff's motion is granted in part and denied in part. *See* Fed. R. Civ. P. 78.

**I. Background**

On May 11, 2011, Plaintiff filed a complaint against Duane Hallowell and Hallowell International, LLC alleging breach of warranty against Hallowell International, LLC and New Jersey Consumer Fraud Act and fraud claims against both defendants arising out of a transaction wherein Plaintiff purchased 1,340 heat pumps from Defendants. (Doc. No. 1). On May 19, 2011, Plaintiff filed an amended complaint setting forth the same causes of action against

the same defendants. (Doc. No. 6). Both Hallowell International, LLC and Duane Hallowell were served a copy of the Summons and Complaint in this matter on May 24, 2011. (Doc Nos. 7 and 8). Defendant Duane Hallowell filed an answer to the amended complaint on June 13, 2011. (Doc. No. 9). Defendant Hallowell International, LLC never filed an answer to the amended complaint.

on July 11, 2011, Plaintiff filed a request for default against Hallowell International, LLC pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 11). The Clerk of Court entered default against Hallowell International, LLC for failure to plead or otherwise defend pursuant to Fed. R. Civ. P. 55(a) on July 12, 2011. On February 22, 2012, the Court ordered this matter referred to Judge Williams to conduct all proceedings and order the entry of a final judgment in accordance to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. No. 20).

Plaintiff now applies to this Court for final entry of judgment in default against defendant Hallowell International, LLC for damages in the amount of $1,377,800 through March 27, 2012 plus reasonable attorney's fees and costs.

## II. Standard

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the Court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d

168, 177 n.9 (3d Cir. 1990)). "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). "[B]efore granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Chanel, Inc.*, 558 F. Supp. 2d at 536. "Once a plaintiff has met the prerequisites for default judgment -- entry of default and proof of damages -- the question of whether or not to enter a default judgment is left primarily to the discretion of the district court." *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009).

Further, prior to entering default judgment against a defendant who failed to file a responsive pleading, the Court must also consider the following three factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *see also Chanel, Inc.*, 558 F. Supp. 2d at 537.

**III. Discussion**

**A. Breach of Warranty, New Jersey Consumer Fraud Act and Fraud Causes of Action and Emcasco Factors**

Plaintiff's Amended Complaint sets forth claims against Defendant Hallowell International, LLC, the party against whom Plaintiff seeks a default judgment, for breach of warranty, violations of New Jersey's Consumer Fraud Act and fraud.

### i. Breach of Warranty

In order to plead a breach of warranty claim with respect to an express warranty under New Jersey law, a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 253 (3d Cir. 2010).

Plaintiff's Amended Complaint alleges that each of the heat pumps purchased from Hallowell International, LLC "was subject to a five (5) year warranty from the date the last [heat pump] was installed" and that Plaintiff "did everything it was required to do to install and maintain the [heat pumps]." Compl. ¶¶ 60-61 (Doc. No. 6). According to the Amended Complaint, the "first documented failure [of the heat pumps] occurred on or about June 27, 2008 only seven months after the first [pump] was delivered on November 9, 2007[,]" well within the five year time period of the warranty. Compl. ¶ 21 (Doc. No. 6). The Amended Complaint alleges that "[a]ll Hallowell International heat pumps installed at the Military Housing Project [were] still under warranty" as of the filing of the Amended Complaint. Compl. ¶ 52 (Doc. No. 6). Further, the Amended Complaint alleges that "Hallowell International refused to properly

replace and/or fix the failing [heat pumps] as required by the warranty." Compl. ¶ 62 (Doc. No. 6). Pursuant to the allegations of the Amended Complaint, Plaintiff suffered damages as a result of Hallowell International, LLC's breach of the five-year warranty. Compl. ¶ 63 (Doc. No. 6). Therefore, Plaintiff has set forth a legitimate cause of action for breach of warranty.

### ii.  New Jersey Consumer Fraud Act

In order to prove a New Jersey Consumer Fraud Act claim, a plaintiff must show three elements:  "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009). The New Jersey Consumer Fraud Act provides that "[t]he act, use or employment by any person of any . . . fraud, . . . misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . . of any merchandise . . . is declared to be an unlawful practice." N.J. Stat. § 56:8-2. The term "merchandise" is defined by the statute as "any objects, wares, goods, commodities, services or anything offered, directly or indirectly *to the public for sale*." N.J. Stat. § 56:8-1(c) (emphasis added).

Plaintiff's Amended Complaint alleges that Defendant Hallowell International, LLC, through Defendant Hallowell, made certain material misrepresentations regarding their heat pumps with

knowledge that such material misrepresentations were false, in order sell the heat pumps to Plaintiff. However, based on the allegations in the Amended Complaint, the Court cannot conclude that the goods offered to the plaintiff, the heat pumps at issue, were "merchandise" as defined by the Consumer Fraud Act, as the Amended Complaint does not allege that the heat pumps were offered "*to the public for sale*," as required by the statute. N.J. Stat. § 56:8-1(c) (emphasis added*); see Marketvision/Gateway Research, Inc. v. Carter*, No. 10-1537, 2012 U.S. Dist. LEXIS 29157, at *3 (D.N.J. Mar. 6, 2012) (denying a motion for default judgment as to the plaintiff's Consumer Fraud Act claim since the amended complaint did not adequately plead that defendants "offered services directly or indirectly to the public for sale"); *cf. Princeton Healthcare Sys. v. Netsmart New York, Inc.*, 29 A.3d 361, (N.J. Super. Ct. App. Div. 2011) (holding that a contract between plaintiff and defendant for installation and implementation of a computer system did not constitute a purchase of "merchandise" as defined by the Consumer Fraud Act because the computer system was not offered to the public for sale). Therefore, because Plaintiff has not plead that the heat pumps were offered to the public for sale, Plaintiff has failed to set forth a legitimate cause of action pursuant to the New Jersey Consumer Fraud Act.

### iii. Fraud

Under New Jersey law, "[t]he five elements of common-law fraud are: (1) a material misrepresentation of a presently existing

or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997).

The Amended Complaint alleges that defendants "intentionally used deception, false promises, misrepresentation and knowingly concealed, suppressed and omitted material facts with the intent that [plaintiff] rely upon them in connection with Hallowell International's sale of [heat pumps] to [plaintiff.]" (Amend. Compl. ¶ 66). Among the misrepresentations alleged in the Amended Complaint are that the heat pumps "(1) possessed unsurpassed high energy efficiency; (2) used easily replaceable off the shelf parts and (3) were more reliable than other models of heat pumps from other manufacturers." (Amend. Compl. ¶ 13). Plaintiff's Amended Complaint further alleges that Plaintiff began installing heat pumps purchased from Defendants based on the misrepresentations made by Defendants. Plaintiff also alleges damages suffered as a result of Hallowell International LLC's fraud. Therefore, based on the unchallenged facts alleged in the Amended Complaint, Plaintiff has set forth a legitimate cause of action for fraud.

### iv. *Emcasco* Factors

In addition to evaluating the Plaintiff's claims to ensure that Plaintiff has set forth legitimate causes of action against the defendant, "[p]rior to entering default judgment, the Court must

also consider three factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct." *Chanel, Inc.*, 558 F. Supp. 2d at 537 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). "Although these factors are generally more pertinent where the defendant appears to contest the entry of default," the factors in this case weigh in Plaintiff's favor. *Chanel, Inc. v. Gordashevsky*, No. 05-5270, 2007 U.S. Dist. LEXIS 6576, at *13 (D.N.J. Jan. 29, 2007).

As to the first factor, Plaintiff will be prejudiced if default is not granted since Hallowell International, LLC's failure to file any responsive pleadings or otherwise appear in this matter has left Plaintiff without a recourse regarding Plaintiff's claims. The Court is unable to determine whether defendant Hallowell International, LLC has a meritorious defense or whether Hallowell International, LLC's delay was the result of its own culpable misconduct since Hallowell International, LLC failed to file any responsive pleadings in this matter or otherwise appear to explain the delay.[1]  Therefore, Plaintiff is entitled to default judgment.

---

1. Defendant Duane Hallowell, the Chief Operating Officer of Hallowell International, LLC, is proceeding *pro se* in this matter. Mr. Hallowell informed the Court that he was unable to afford counsel due to his financial situation as a result of Hallowell International, LLC going out of business.  Courts have granted default judgment against companies under similar circumstances where an individual defendant with a relationship to the corporate

(continued...)

**B.   Damages**

Plaintiff seeks $1,377,800 damages through March 27, 2012 from Defendants, plus attorney's fees and reasonable costs. (Motion to Enter Final Judgment on Default ¶ 4, Doc. No. 23). In support of Plaintiff's Motion to Enter Final Judgment on Default, Plaintiff submitted an affidavit of Matthew Haydinger, a principal of Plaintiff United Communities, LLC, itemizing Plaintiff's damages. (Doc. No. 23). At the Court's direction, Plaintiff submitted to the Court a supplemental affidavit providing proof of damages on October 8, 2012 affirming that Plaintiff has incurred damages in the amount of $1,163,026.39, itemizing the damages, and purporting to attach evidence in the form of invoices and other documents proving such damages. (Doc. No. 26). However, the evidence of damages fails to adequately prove to the Court that Plaintiff has suffered damages in the amount claimed, $1,163,026.39. In particular, the invoices and documentation provided do not, on their face, support the amount of

---

1.  (...continued)
defendant appears *pro se* in the matter and the company fails to secure counsel or appear. *See Rose Containerline, Inc. v. Omega Shipping Co., Inc.*, No. 10-4345, 2011 WL 1564637 (D.N.J. Apr. 25, 2011) (granting plaintiff's motion for default judgment against corporate defendant where individual defendants, one of which accepted service on behalf of the corporate defendant, filed answers *pro se* but the company failed to respond to the complaint); *Days Inn Worldwide, Inc. v. Hartex Ventures, Inc.*, No. 10-336, 2011 Wl 1211353 (D.N.J. Mar. 28, 2011) (granting plaintiff's motion for default judgment against corporate defendant where an individual defendant filed a *pro se* answer on behalf of himself, the two individual defendants, who were principals of the corporate defendant, were well aware of the matter, and where the corporate defendant failed to appear or respond to the complaint).

damages claimed by the Plaintiff. Therefore, as the evidence that has been submitted to the Court is confusing and insufficient, Plaintiff has failed to submit sufficient evidence to the Court to prove the damages claimed in the Motion to Enter Final Judgment on Default. Therefore, the Court will conduct a hearing at which Plaintiff shall present evidence of Plaintiff's damages to the Court.

**IV. Conclusion**

For the reasons set forth above, and for good cause shown, it is hereby:

**ORDERED** that Plaintiff's Motion to Enter Final Judgment on Default is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that default judgment is entered against Defendant Hallowell International, LLC on Plaintiff's breach of warranty and fraud claims; and it is further

**ORDERED** that the Court will conduct a hearing regarding Plaintiff's damages on **December 19, 2012 at 1:30 p.m. in Courtroom 5C**; and it is further

**ORDERED** that the Final Pretrial Conference set for **November 27, 2012** is hereby **adjourned**.

s/ Karen M. Williams

KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Joseph H. Rodriguez