```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

| | |
|---|---|
| UNITED COMMUNITIES, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>HALLOWELL INTERNATIONAL, LLC,<br>et al.,<br><br>        Defendants. | Civil No. 11-2689-JHR-KMW |

## **OPINION**

THIS MATTER comes before the Court by way of motion of Plaintiff United Communities, LLC seeking final judgment by default against Defendant Hallowell International, LLC pursuant to Fed. R. Civ. P. 55(b)(2). No opposition to the motion has been filed. The Court granted in part Plaintiff's motion seeking final judgment by default against Defendant Hallowell International, LLC on November 21, 2012, but reserved on the issue of damages because Plaintiff failed to submit sufficient evidence to the Court to prove the damages claimed in the motion to enter final judgment by default. On December 19, 2012, the Court conducted a hearing at which Plaintiff submitted evidence by way of the testimony of Matthew Haydinger ("Haydinger"), a principal of Plaintiff United Communities, LLC, and clarified the amount of damages sought.

## I. Background

On May 11, 2011, Plaintiff filed a complaint against Duane Hallowell and Hallowell International, LLC alleging breach of

warranty against Hallowell International, LLC and New Jersey Consumer Fraud Act and fraud claims against both defendants arising out of a transaction wherein Plaintiff purchased 1,340 heat pumps from Defendants. (Doc. No. 1). On May 19, 2011, Plaintiff filed an amended complaint setting forth the same causes of action against the same defendants. (Doc. No. 6). Both Hallowell International, LLC and Duane Hallowell were served a copy of the Summons and Complaint in this matter on May 24, 2011.  (Doc Nos. 7 and 8). Defendant Duane Hallowell filed an answer to the amended complaint on June 13, 2011. (Doc. No. 9). Defendant Hallowell International, LLC never filed an answer to the amended complaint.

on July 11, 2011, Plaintiff filed a request for default against Hallowell International, LLC pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 11). The Clerk of Court entered default against Hallowell International, LLC for failure to plead or otherwise defend pursuant to Fed. R. Civ. P. 55(a) on July 12, 2011. On February 22, 2012, the Court ordered this matter referred to Judge Williams to conduct all proceedings and order the entry of a final judgment in accordance to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. No. 20).

Plaintiff applied to this Court for final entry of judgment in default against defendant Hallowell International, LLC for damages in the amount of $1,377,800 through March 27, 2012 plus reasonable attorney's fees and costs. On October 8, 2012, Plaintiff

then submitted an affidavit of Haydinger providing evidence of Plaintiff's damages in the form of invoices and checks paid by Plaintiff for replacement heat pumps, control boards to fix inoperable heat pumps, and labor to install the pumps and parts, as well as W-2 statements and wage reports for employees hired by Plaintiff to fix and service the inoperable heat pumps. On November 21, 2012, the Court granted in part Plaintiff's motion for final entry of judgment in default against defendant Hallowell International, LLC on Plaintiff's breach of warranty and fraud claims. The Court reserved, however, on the amount of damages to be awarded to Plaintiff because Plaintiff failed to submit adequate evidence to prove the amount of damages Plaintiff claimed to have incurred. The Court conducted a hearing on December 19, 2012 at which Haydinger testified about Plaintiff's damages incurred as a result of Hallowell International, LLC's breach of warranty and fraud.

## II. Discussion

When determining whether to enter judgment on default, "the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). The party seeking an entry of default must show proof of damages. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009).

### a. Replacement Heat Pumps and Parts

Plaintiff has submitted evidence, by way of affidavit of Haydinger with accompanying invoices and checks paid by Plaintiff, that Plaintiff incurred costs totaling $179,097.50 for heat pumps to replace the failed pumps provided by Hallowell International, LLC and $21,686.74 for replacement control boards to fix the failed pumps provided by Hallowell International, LLC. Therefore, Plaintiff has provided sufficient evidence to the Court that Plaintiff incurred a total of $200,784.24 in damages for replacement heat pumps and replacement parts for heat pumps as a result of Hallowell International, LLC's breach of warranty and fraud.

### b.  Labor To Replace Heat Pumps and Parts

Plaintiff has also submitted evidence, by way of affidavit of Haydinger with accompanying invoices and checks paid by Plaintiff, that Plaintiff incurred costs totaling $67,172.50 for labor to replace parts of the heat pumps provided by Hallowell International, LLC. Therefore, Plaintiff has provided sufficient evidence to the Court that Plaintiff incurred a total of $67,172.50 in damages for labor to replace parts of heat pumps as a result of Hallowell International, LLC's breach of warranty and fraud.

### c.  Employees Hired By Plaintiff To Service Heat Pumps

Plaintiff further submitted evidence of five employees whose wages and cost of benefits Plaintiff claims are damages recoverable in this case, as Plaintiff either transferred the employees or hired the employees to service the Hallowell

International, Inc. heat pumps that did not function properly. First, Plaintiff submits W-2 statements from 2010 and 2011 totaling $110,176.48 for Brian Houston, an employee who was transferred in 2010 to handle repairs of the Hallowell International, LLC heat pumps. Prior to the time that he was transferred, Brian Houston was employed by United Communities, LLC in a position wherein he was not charged with repairing Hallowell International, LLC heat pumps. At the hearing on December 19, 2012, Haydinger testified that he could not remember when in 2010 Brian Houston was transferred to the position wherein he handled repairs of the Hallowell International, LLC heat pumps. Haydinger further testified that Brian Houston continued in his position handling repairs of the Hallowell International, LLC heat pumps through 2011. Since Haydinger could not provide the Court with testimony or evidence regarding when in 2010 Brian Houston was transferred to his position repairing the Hallowell International, LLC heat pumps, the Court finds that Plaintiff failed to meet its burden of proving a relationship between Brian Houston's employment in 2010 and Defendant Hallowell International, LLC's breach of warranty and fraud. Therefore, the Court finds that Plaintiff may not recover Brian Houston's 2010 wages, but may recover his 2011 wages, totaling $53,592.64, as damages for Hallowell International, LLC's breach of warranty and fraud.

Plaintiff also submitted wage reports from January 1, 2011 through August 30, 2012 for four United Communities, LLC employees whom Haydinger testified were hired specifically for the purpose of repairing and servicing the Hallowell International, LLC heat pumps as well as installing new heat pumps to replace the malfunctioning Hallowell International, LLC heat pumps.  Further, Plaintiff seeks the cost of those four employees' benefits, which Haydinger testified costs Plaintiff twenty-five percent of the employees' wages.  Haydinger testified that while the four employees were hired specifically for the above-listed purposes, approximately ninety percent of their time is spent repairing and servicing Hallowell International, LLC heat pumps and installing new heat pumps, while ten percent of their time is spent performing other duties for United Communities, LLC.  Therefore, the Court finds that Plaintiff may recover ninety percent of the four employees' wages and cost of benefits for January 1, 2011 through August 30, 2012[1], totaling $309,693.77.

Finally, Plaintiff also submitted testimony that it would cost Plaintiff an additional $275,283.20 in employee wages and benefits to continue to service, repair and replace the malfunctioning Hallowell International, LLC heat pumps until the end

---

1.  The four employees' wages for January 1, 2011 through August 30, 2012 total $275,283.35.  The cost to Plaintiff of providing the four employees with benefits, according to Haydinger's testimony that the benefits cost Plaintiff twenty-five percent of the employees' wages, is $68,820.84.

of 2013, which would have constituted the end of the warranty period on the heat pumps.  Since Haydinger testified that the employees at issue spend approximately ninety percent of their time repairing, servicing and installing heat pumps and ten percent of their time performing other duties for United Communities, LLC, the Court finds that Plaintiff may recover ninety percent of the continued cost of employing the individuals hired to service, repair and install the heat pumps through the end of 2013, totaling $247,754.80.

### III. Conclusion

Based on the foregoing, and based on the Court's Order dated November 21, 2012 granting default judgment to the Plaintiff on Plaintiff's breach of warranty and fraud claims, the Court will enter judgment in Plaintiff's favor and against Defendant Hallowell International, LLC in the amount of $878,997.95.  A judgment consistent with this Opinion will be entered.

s/ Karen M. Williams

KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Joseph H. Rodriguez